NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

ADRIAN RUIZ ESPINOZA, *Appellant.*

No. 1 CA-CR 13-0850
FILED 1-29-2015

Appeal from the Superior Court in Maricopa County
No. CR 2013-103414-001
The Honorable Lisa Ann VandenBerg, Commissioner

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Ballecer & Segal, Phoenix
By Natalee E. Segal
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill joined.

**N O R R I S,** Judge:

¶1        Adrian Ruiz Espinoza timely appeals from his conviction and sentence for knowingly possessing a shotgun while being a prohibited possessor in violation of Arizona Revised Statutes ("A.R.S.") section 13-3102(A)(4) (Supp. 2014), a class 4 felony.[1]  After searching the record on appeal and finding no arguable question of law that was not frivolous, Espinoza's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Espinoza to file a supplemental brief *in propria persona*, but Espinoza did not do so.  After reviewing the entire record, we find no fundamental error and, therefore, affirm Espinoza's conviction and sentence as corrected.

## FACTS AND PROCEDURAL BACKGROUND[2]

¶2        On the evening of January 18, 2013, two Mesa police officers saw a car, driven by a man with a woman passenger, with no headlights and a smashed-in front windshield.  The car stopped at a carwash, and the officers pulled up behind it.

¶3        One of the officers confirmed the car was registered to both the woman and Espinoza, and the woman authorized the officers to search the car.  Before the officers began their search, Espinoza told one of the officers a gun was in a case on the floorboard behind him.  When the officer opened the back passenger door, he saw a backpack—that the police later determined contained items belonging to Espinoza—laying partially over

_____

[1]Although the Arizona Legislature amended certain statutes after Espinoza's offense, the amendments are irrelevant to and do not affect the outcome of this case. Thus, we cite to the current version of the statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Espinoza. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

the gun case. The gun case contained a shotgun. The police also found a knife near the gun case and backpack.

¶4 The State charged Espinoza with two counts of misconduct involving weapons, specifically knowingly possessing a shotgun, and a knife, both deadly weapons, while being a prohibited possessor in violation of A.R.S. § 13-3102(A)(4), a class 4 felony. At trial, the State presented evidence that Espinoza had been convicted of a felony in 2009 and was on community supervision on January 18, 2013. The jury found Espinoza guilty of misconduct involving weapons for possession of the shotgun, but not guilty of misconduct involving weapons for possession of the knife. After the jury returned its verdicts, Espinoza admitted he was on community supervision on the date of the offense and had four historical prior felony convictions.

¶5 The superior court found Espinoza was a category three repetitive offender and sentenced him to the presumptive term of 10 years with 293 days of presentence incarceration credit. *See* A.R.S. § 13-703(C), (J) (Supp. 2014).

## DISCUSSION

¶6 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Espinoza received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶7 The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Espinoza's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Espinoza was given an opportunity to, and did, speak at sentencing, and his sentence was within the range of acceptable sentences for his offense.

¶8 In our review of the record, we discovered an error in the superior court's sentencing minute entry. The minute entry incorrectly lists Espinoza's prior aggravated assault conviction as Maricopa County Superior Court Cause No. CR2009-128745-001. The aggravated assault conviction cause number is the same cause number as the armed robbery conviction, CR2009-128756-001, thus we correct the minute entry to read the same.

**CONCLUSION**

**¶9**          We decline to order briefing and affirm Espinoza's conviction and sentence as corrected.

**¶10**          After the filing of this decision, defense counsel's obligations pertaining to Espinoza's representation in this appeal have ended.  Defense counsel need do no more than inform Espinoza of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶11**          Espinoza has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Espinoza 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED : ama